_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:23-cv-00837-FWS-AS                  Date: February 23, 2023
Title: Jesse Ortiz *et al.* v. Business Consumers and Housing Agency *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE RE: DISMISSAL OF COMPLAINT [1] PURSUANT TO 28 U.S.C. § 1915**

    Before the court is Plaintiffs Jesse Ortiz, Elizabeth Thomas, and Worktough Inc.'s ("Plaintiffs") Application to Proceed in forma pauperis ("IFP"). (Dkt. 2.) Pursuant to 28 U.S.C. § 1915(a)'s mandatory screening requirement, the court **ORDERS** Plaintiffs to show cause, in writing, within **twenty-one (21) days** of this Order, why the Complaint in this action (Dkt. 1) should not be dismissed for (1) lack of subject matter jurisdiction and (2) frivolity. The court **DEFERS** ruling on Plaintiff's Application to Proceed IFP for **thirty (30) days**.

**I.    Legal Standards**

    A party bringing a civil action in a district court of the United States other than an application for a writ of habeas corpus must pay a filing fee of $350 and an additional $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). If the plaintiff cannot prepay the full fee, the court may permit the plaintiff to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). The plaintiff must submit an affidavit demonstrating their inability to pay the filing fee, which must include a statement of all the plaintiff's assets. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-00837-FWS-AS                                       Date: February 23, 2023
Title: Jesse Ortiz *et al.* v. Business Consumers and Housing Agency *et al.*

___

omitted).  However, the affiant's poverty must be stated "with some particularity, definiteness, and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  If the court determines "the allegation of poverty is untrue," it "shall dismiss the case."  28 U.S.C. § 1915(e)(2).

The court is required to sua sponte screen any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a).  Under § 1915(e)(2), a complaint filed IFP may be dismissed at any time if the court determines that the action or appeal: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune to such relief.  28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints.").

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim for relief if it does not contain sufficient factual matter which, taken as true, gives rise to a plausible inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citation omitted); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.") (citation omitted).  While a complaint need not contain "detailed factual allegations," it must state "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that its factual allegations "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 679 (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Separately, "[f]ederal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  If the court determines it lacks subject matter jurisdiction over an action, the court must dismiss it.  Fed. R. Civ. P. 12(h)(3).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-00837-FWS-AS                                            Date: February 23, 2023
Title: Jesse Ortiz *et al.* v. Business Consumers and Housing Agency *et al.*

diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Diversity jurisdiction lies only where each defendant is a citizen of a different state from each plaintiff and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The burden of establishing jurisdiction rests on the party asserting it. *Kokkonen*, 511 U.S. at 377.

**II.    Discussion**

The Complaint in this action asserts this case presents a federal question based on the "Coronavirus Response Act and Coronavirus Aid, Relief and Economic Security (the CARES) Act," enacted in March 27, 2020. (Dkt. 1 at 1.) While the Complaint does not clearly state a cause(s) of action Plaintiffs bring in this action, Plaintiffs state they seek relief of rent assistance or an explanation why Plaintiffs did not receive assistance "around the time" others were receiving assistance. (*Id.* at 3.)

As stated by numerous other district courts, the CARES act does not create an implied private right of action under which Plaintiffs assert such a claim. *See, e.g.*, *Radix L. PLC v. JPMorgan Chase Bank NA*, 508 F. Supp. 3d 515, 520 (D. Ariz. 2020) ("[T]here is no private right of action to enforce the CARES Act.") (collecting cases); *Saloojas Inc. v. Blue Shield of Cal. Life & Health Ins. Co.*, 2022 WL 4843071, at *1 (N.D. Cal. Oct. 3, 2022) (observing "the overwhelming majority of district courts to have addressed the issue have found" neither the CARES Act or Families First Coronavirus Response Act creates a private right of action) (collecting cases); *Betancourt v. Total Prop. Mgmt.*, 2022 WL 2359286, at *3 (E.D. Cal. June 30, 2022) ("Significantly, courts have repeatedly determined the CARES Act did not create a private right of action for violations.") (collecting cases); *Am. Video Duplicating, Inc. v. City Nat'l Bank*, 2020 WL 6882735, at *5 (C.D. Cal. Nov. 20, 2020) ("Unsurprisingly, every court to address whether the CARES Act created an implied private right of action has held that it does not.") (collecting cases); *Horvath v. JP Morgan Chase & Co.*, 2022 WL 80474, at *5 (S.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-00837-FWS-AS    Date: February 23, 2023
Title: Jesse Ortiz *et al.* v. Business Consumers and Housing Agency *et al.*

Cal. Jan. 7, 2022) ("To the extent that Plaintiff alleges that Defendant violated various provisions of the CARES Act, Plaintiff does not have a cause of action under the CARES Act.") (citations omitted).  Given that Plaintiffs' sole ascertainable cause of action and basis for jurisdiction is brought pursuant to the CARES Act, under which no private cause of action lies, the court concludes it appears to lack subject matter jurisdiction over this action, and Plaintiffs claim may be frivolous as lacking a basis in law.

Accordingly, the court **ORDERS** Plaintiffs to show cause, in writing, within **twenty-one (21) days** of this Order, why this action should not be dismissed for (1) lack of subject matter jurisdiction and (2) frivolity.  Accordingly, the court **DEFERS** ruling on Plaintiff's Application to Proceed IFP for **thirty (30) days**.

Failure to timely comply with this Order will result in this action being dismissed with prejudice for failing to state a claim, prosecute, and/or comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming sua sponte dismissal with prejudice "for failure to prosecute and for failure to comply with a court order").

Though Plaintiffs are proceeding pro se, Plaintiffs are still required to comply with this court's Local Rules and the Federal Rules of Civil Procedure.  The Local Rules are available at http://www.cacd.uscourts.gov/court-procedures/local-rules. The Court may not provide legal advice to any party, including pro se litigants.  Plaintiffs are advised that the Federal Pro Se Clinic offers free information and guidance to individuals representing themselves in federal civil actions.  The Santa Ana Clinic operates by appointment only.  You may schedule an appointment either by calling the Clinic or by using an internet portal.  You can call the Clinic at 714-541-1010, ext. 222, or you can submit an internet request at: https://prose.cacd.uscourts.gov/santa-ana or http://www.publiccounsel.org.  Clinic staff can respond to many questions with a telephonic appointment or through your email account.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-00837-FWS-AS                                  Date: February 23, 2023
Title: Jesse Ortiz *et al.* v. Business Consumers and Housing Agency *et al.*

Initials of Deputy Clerk: mku